The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
You have requested an Attorney General opinion concerning the use of electronically stored records as evidence.
You explain that the City of Fayetteville is faced with massive storage requirements and is contemplating the purchase of an optical scanner to store original documents in digital format for compact storage. The city wants to be sure that the stored documents would be admissible if introduced into a court of record.
Your questions are:
 (1) Can a city store records digitally (electronically) and still meet the requirement of Rules 1002-1008[1] of the Rules of Evidence? (For purposes of this opinion it should be presumed that the electronic/digital storage would "accurately reproduce the original.")[2]
 (2) Are there any other state requirements (laws, rules, etc.) that documents be maintained in their original paper form?
RESPONSE
Question 1 — Can a city store records digitally (electronically) andstill meet the requirement of Rules 1002-1008 of the Rules of Evidence?(For purposes of this opinion it should be presumed that theelectronic/digital storage would "accurately reproduce the original.")
As an initial matter, I must point out that the admissibility of records into evidence in court is a matter that can only be decided on a case-by-case basis by the court to which the record in question is presented. For that reason, I can only opine generally as to the admissibility of an entire class of records (e.g., electronically stored records). The ultimate decision as to the admissibility of any particular record can only be made by the court.
You have not specified the types of documents to which your question refers. I am assuming that you are referring to all documents that the city maintains in the regular course of business.
It is my opinion that records that have been stored electronically by a city in the regular course of business generally meet the requirements of Rules 1001-1008 of the Arkansas Rules of Evidence and of the Federal Rules of Evidence, and are generally admissible to the same extent that the original of those records would be admissible. However, particular electronic records could be found to be inadmissible under the requirements of certain rules, because of the specific facts of the particular case.
Rules 1002-1008 of both the Arkansas Rules of Evidence and the Federal Rules of Evidence deal with various issues that arise in connection with the use of non-original records in court. Both of these sets of rules provide authority for the admission of electronically-stored records. However, they also contain certain specific requirements that could render a particular electronic record inadmissible in a particular case.
For example, Rule 1003 of the Arkansas Rules of Evidence states:
 A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.
A.R.E. 1003.
The federal version of Rule 1003 is almost identical. It states:
 A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.
F.R.E. 1003.
Although Rule 1003 clearly provides general authority for the admissibility of records that have been stored electronically by a city in the regular course of business, the rule also contains requirements that may not be met in particular cases. In order for the electronic record to be admissible, the case must be one in which no "genuine question is raised as to the authenticity of the original," and it must be one in which it would not be "unfair to admit" the electronic record. Whether these requirements have been met is a factual question that only be answered on the basis of the specific facts of each case. It is conceivable that under the facts of a particular case, a party who is opposed to the introduction of a particular electronic record could produce evidence that would raise a "genuine question . . . as to the authenticity or continuing effectiveness of the original," or that would show that "it would be unfair to admit" the electronic copy. Because every case will vary in this regard, it is impossible for me to conclude that all electronically-stored records will always be admissible.
Rule 1005 may provide some further assurance, however. It states:
 The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy complying with the foregoing cannot be obtained by the exercise of reasonable diligence, other evidence of the contents may be admitted.
A.R.E. 1005. Federal Rule 1005 is essentially identical to the Arkansas version.
Rule 1004 also provides further support for the admissibility of electronic records. It states:
 The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
 (1) Originals Lost or Destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;
 (2) Original Not Obtainable. No original can be obtained by any available judicial process or procedure;
 (3) Original in Possession of Opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing; and he does not produce the original at the hearing; or
 (4) Collateral Matters. The writing, recording or photograph is not closely related to a controlling issue.
A.R.E. 1004. The federal version of Rule 1004 is identical to the Arkansas version. Particularly pertinent to reliance on this rule for the admission of electronic records is the added statutory authority for admissibility that is provided in two statutes.
First, A.C.A. § 13-4-204 states:
 When any document is recorded by the means prescribed by § 13-4-201,[3]
the original may be destroyed unless the document is over fifty (50) years old and handwritten or has been determined to be of historical value by the Arkansas History Commission. If the paper original does not meet these criteria the electronically stored document shall be considered the "original" document and shall be treated as such when proffered with the recorder's certification.[4]
Second, A.C.A. § 16-36-101 states in pertinent part:
 (a)(2)(A) The county recorders, municipal clerks and recorders, clerks of courts of record, and any public officer whose duty it is to make public records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, optical disc, electronic imaging, or other process which accurately reproduces or forms a durable medium for reproducing the original when provided with equipment necessary for such method of recording.
 (B) When any document is recorded by the means prescribed by subdivision (a)(2)(A) of this section, the paper original may be destroyed unless the document is over fifty (50) years old and handwritten or its preservation is otherwise required by law.
 (b)(1) If any business, institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, optical disk, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law.
 (2) The reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not.
A.C.A. § 16-46-101.
The language of the two above-quoted statutes is clearly broad enough to encompass records that are electronically stored by a city in the regular course of business. A city that has relied in good faith on these statutes in making a decision to store its records electronically will be in a good position to rely upon Rule 1004 for the admission of electronic records. Regarding the interaction of the statutes and the rules, I note that Rule 1002 of the Arkansas Rules of Evidence states:
 To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute.
A.R.E. 1002.
Rule 1002 of the Federal Rules of Evidence is essentially identical to Arkansas Rule 1002.
It states:
 To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.
F.R.E. 1002.
The reference in the federal version of Rule 1002 to an "Act of Congress" may bring into play various federal statutes that authorize the use of electronic versions of particular types of documents. There is no federal statute that broadly authorizes the replacement of original documents with copies, as do A.C.A. § 13-4-204 and A.C.A. § 16-46-101. Accordingly, the federal statutes should be researched in relation to the particular type of document that is at issue in each case.
To summarize, it is my opinion that the Arkansas Rules of Evidence and the Federal Rules of Evidence provide general authority for the admissibility of records that have been stored electronically by a city in the regular course of business. Statutory authority for their admissibility is also available. However, the admissibility of any particular electronic record must be evaluated on a case-by-case basis, and the ultimate decision as to its admissibility can only be made by the court to which the record is presented.
Question 2 — Are there any other state requirements (laws, rules, etc.)that documents be maintained in their original paper form?
As an initial matter, I must emphasize that each document should be evaluated individually to determine whether its original must be retained, and whether it can be stored in electronic form. Nevertheless, Arkansas law does set forth some general guidelines regarding record retention and destruction. These general requirements[5] are set forth in the statutes discussed above in response to Question 1.
First, A.C.A. § 13-4-201 states:
 The circuit clerks, county clerks, municipal clerks and recorders, and any other public officers whose duty it is to make and maintain court records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, digital compact disc, optical disc, and any other process which accurately reproduces or forms a durable medium for reproducing the original.
The following section, A.C.A. § 13-4-202, states:
 When equipment necessary for such methods of recording is used to record court records, it shall meet all of the following requirements:
 (1) The information retained shall be in a usable and accessible format capable of accurately reproducing the original over the time periods specified in § 13-10-101 et seq.;
 (2) Operational procedures shall ensure that the authenticity, confidentiality, accuracy, reliability, and appropriate level of security are provided to safeguard the integrity of the information;
 (3) Procedures shall be available for the backup, recovery, and storage of records to protect those records against media destruction or deterioration and information loss; and
 (4) A retention conversion-review schedule shall be established to ensure that electronically or optically stored information is reviewed for data conversion or recertification at least once every five (5) years or more frequently when necessary to prevent the physical loss of data or technological obsolescence of the medium.
Section — 204 then provides:
 When any document is recorded by the means prescribed by § 13-4-201, the original may be destroyed unless the document is over fifty (50) years old and handwritten or has been determined to be of historical value by the Arkansas History Commission. If the paper original does not meet these criteria the electronically stored document shall be considered the "original" document and shall be treated as such when proffered with the recorder's certification.
These general requirements for the retention and destruction of records are reiterated in A.C.A. § 16-46-101, which states in pertinent part:
 (a)(1) The clerk of any court of record may record any certified copy of any instrument by attaching the certified copy to his record book so as to make the copy be and become a part of the record to the extent that the copy cannot be detached, and the copy shall be legally recorded when the attachment has been made by the clerk. This subdivision shall apply to plats, blueprints, and photostatic copies only.
 (2)(A) The county recorders, municipal clerks and recorders, clerks of courts of record, and any public officer whose duty it is to make public records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, optical disc, electronic imaging, or other process which accurately reproduces or forms a durable medium for reproducing the original when provided with equipment necessary for such method of recording.
 (B) When any document is recorded by the means prescribed by subdivision (a)(2)(A) of this section, the original may be destroyed unless the document is over fifty (50) years old and handwritten or its preservation is otherwise required by law.
 (b)(1) If any business, institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, optical disk, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law.
A.C.A. § 14-46-101.
I reiterate that each document should be evaluated individually to determine the particular requirements for retention and destruction that may be applicable to it.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Your opinion request referred to "Rule 1002-1105." I am assuming that you intended to refer to Rules 1002-1008, which are the rules that deal with the use of non-original documents in court.
[2] The phrase "accurately reproduce the original," as you have used it, appears to be taken from the definition of the term "duplicate," as stated in Rule 1001 of the both the Arkansas Rules of Evidence and the Federal Rules of Evidence. Both rules define "duplicate" as follows: "A `duplicate' is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduce the original." A.R.E. 1001(4) and F.R.E. 1001(4).
[3] A.C.A. § 13-4-201 states: "The circuit clerks, county clerks, municipal clerks and recorders, and any other public officers whose duty it is to make and maintain court records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, digital compact disc, optical disc, and any other process which accurately reproduces or forms a durable medium for reproducing the original."
[4] The last sentence of the quoted statute was added by Act 311 of 2001. This amended form of A.C.A. § 13-4-204 will become effective on August 13, 2001. See Op. Att'y Gen. No. 2001-138.
[5] Arkansas law does set forth specific requirements for the retention of certain types of records. These requirements primarily affect records maintained by counties, and are set forth at A.C.A. § 13-4-301 et seq.